44123. HUDSON & MARSHALL, INC. v. PENNINGTON.

ARGUED JANUARY 6, 1969—DECIDED FEBRUARY 6, 1969.

*Westmoreland, Patterson & Chaite, Rudolph N. Patterson,* for appellant.

*Robert H. Herndon,* for appellee.

FELTON, Chief Judge. Asa Marshall deposed by affidavit that he was the auctioneer for the corporate defendant who knocked off the property to the plaintiff; that the oxidation lot, so marked on the plat, was not auctioned and offered for sale and so announced by him at the auction, because of defects in the construction of the facilities on the lot; that the property had been opened for inspection and examination prior to the sale and up to the time of sale. In his answer to interrogatories the plaintiff stated the facts about as stated in his claim and further that the defendants at the auction stated what a fine piece of property it was.

The petition as amended was held by the judge to state a claim. Such a ruling required a trial unless the summary judgment proceeding showed no genuine issue of fact. The showing of the appellant on summary judgment did not show that there was no genuine issue of fact remaining. Assuming for the sake of argument that the auctioneer's affidavit eliminated any fraud as to the oxidation lot and that it was conclusively shown that it was not to be auctioned off but that it was to be donated to the purchaser at the sale of the property for the reason that the facilities thereon were not adequate, there remains the question whether the appellant is liable to appellee for fraud in fraudulently concealing from him the other defects in the sewage system and facilities on the lots which were sold. As ruled by the court, an agent is not exonerated from the commission of a tort merely because he acts as an agent. He is exonerated if he is not a party to the tort, but not otherwise. The claim in this case alleged fraudulent intention on the part of the auctioneer and the owners. There was no showing which removed those issues and the court properly overruled appellant's motion for a summary judgment.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*